UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.207.111.79,

Defendant.

Case No. 26-cv-07779-NW

**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE AMENDED COMPLAINT AND RETURN OF SERVICE OF SUMMONS UNDER SEAL**

Re: ECF No. 15

Before the Court Plaintiff's ex parte administrative motion to filed the amended complaint and return of service of summons under seal. ECF No. 15. Defendant has not yet appeared in this action. Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). For information that is "more than tangentially related to the underlying cause of action," parties must demonstrate "compelling reasons" that support secrecy. *See Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For other information, such as documents produced in discovery or the return of service of summons, the Court applies the good cause standard. *See id.*

Plaintiff is the owner and copyright-holder of adult films at issue in this case. *See* ECF No. 1. After detecting alleged infringing activity from a John Doe Subscriber IP address and serving a third-party subpoena on the internet service provider, Plaintiff learned the identity of Defendant and amended the complaint. *See* ECF Nos. 10, 14. In order to protect Defendant's privacy, Plaintiff seeks to seal Defendant's name and address, as well as "factual information which directly links the

Defendant to the infringement in this case." *See* ECF No. 15. For the following reasons, the Court GRANTS IN PART and DENIES IN PART the sealing motion.

As to Defendant's name and address, courts in this District have previously sealed similar information, and this Court finds compelling reasons to seal information because it serves no purpose but to expose Defendant to embarrassment. *See, e.g.*, *Strike 3 Holdings v. Meta Platforms, Inc.*, No. 25-cv-6213-EKL, ECF No. 44 at 2 (permitting sealing of "Defendant's name and his father's name" in the unredacted complaint due to the "employee's privacy interest."). But the other "factual information" Plaintiff cites consists of nine other files related to Defendant's work as "an Inventor and Patent Practitioner," which does not appear to identify Defendant specifically and which does not link directly to his identity. Accordingly, and because it is likely to be of more interest to the public in assessing the merits of this case (as opposed to merely Defendant's name and address), the Court does not find compelling reasons to seal that information. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Accordingly, Plaintiff's request is GRANTED IN PART and DENIED IN PART. The Court GRANTS the request to seal Defendant's name and address wherever it appears, but DENIES the request to seal paragraphs 66–67 of the amended complaint. The Court GRANTS the request to seal the return of service of summons.

Plaintiff shall file an updated redacted amended complaint **no later than December 9, 2026**.

**IT IS SO ORDERED.**

Dated: November 25, 2026

Noël Wise
United States District Judge